IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GLENN RIPPLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 23-CV-2639-SMY |
| | ) |
| UNITED STATES GOVERNMENT and | ) |
| NATIONAL LABOR RELATIONS | ) |
| BOARD REGION #14, | ) |
| | ) |
| Defendants. | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Glenn Rippley seeks injunctive relief from discrimination by Defendants pursuant to 29 U.S.C. § 794 (Doc. 2). Now pending before the Court is Rippley's motion for leave to proceed *in forma pauperis,* without prepaying the fees and costs ("IFP") (Doc. 3).

28 U.S.C. § 1915 authorizes a federal district court to allow an indigent plaintiff to proceed in a civil action without prepaying the filing fees and costs if the plaintiff submits an affidavit of poverty stating that he or she is unable to afford the fees. 28 U.S.C. § 1915(a)(1). However, the statute also requires the Court to scrutinize a Complaint filed by an indigent plaintiff and to dismiss it if (a) the allegation of poverty is untrue, (b) the action is frivolous or malicious, (c) the action fails to state a claim upon which relief can be granted, or (d) the action seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

In this case, Rippley's allegations as to financial status appear truthful. He is unemployed with a nominal amount in unemployment compensation. He does not have any additional source of income or money in his bank account. His monthly debts and financial obligations grossly exceed his income. Therefore, the Court finds him indigent.

When evaluating whether a *pro se* plaintiff has stated a claim under § 1915(e)(2)(B), courts use the same standards that apply to Federal Rule of Civil Procedure 12(b)(6) motions. *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014,1027 (7th Cir. 2013). The court will take as true "all well-pleaded allegations of the complaint" and view them "in the light most favorable to the plaintiff." *Id. citing Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). The Complaint must describe the claim in sufficient detail to put defendants on notice as to the nature of the claim and its bases, and it must plausibly suggest that the plaintiff has a right to relief. *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007). The allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. While *pro se* plaintiffs' allegations are given lenience and need not be artfully pled so long as they present a basic story that holds together, if the lack of organization or coherence is too confusing to determine which facts allegedly constitute wrongful conduct, dismissal is appropriate. *See e.g., Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010).

Rippley filed his Complaint against the United States Government and the National Labor Relations Board ("NLRB") Region #14, alleging discrimination by refusing Plaintiff due process of employment and union law litigation by conspiring with Teamster Unions and not pursuing his complaints against Teamster Unions for failing to refer him to various jobs. Plaintiff seeks only injunctive relief in the form of an order for the NLRB to finish his internal cases (Case No. 14-CB-320523 and 14-CB-319540), to mail the plaintiff's affidavit and do a proper investigation on the named respondents.

In reviewing the internal cases that Rippley seeks injunctive relief for, both Case No. 14-CB-320523 and 14-CB-319540 have been dismissed by the Regional Director of the NLRB. *See* www.nlrb.gov/case/14-CB-320523 and www.nlrb.gov/case/14-CB-319540. Both letters of

dismissal advise Rippley that he can appeal the Regional Director's decision by appeal to the General Counsel for the NLRB by August 3, 2023. There is no indication in Rippley's Complaint or on the NLRB website that Rippley appealed the Regional Director's dismissal of his charges.

Rippley filed this action after the dismissals by the Regional Director of the NLRB but it is unclear from the Complaint if Rippley was aware of these dismissals since his prayer for relief seeks injunctive relief. In other words, the Court cannot determine whether the relief requested by Rippley in his Complaint is moot following the NLRB's dismissal of his charges. Further, Rippley's Complaint generally fails to set forth sufficient detail to identify the bases for any other claim or prayer for relief against Defendants that rises above the mere speculative level.

For the foregoing reasons, the Motion for Leave to Proceed *in forma pauperis* ("IFP") (Doc. 3) is **DENIED** and Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**. Plaintiff is **GRANTED** leave to file a First Amended Complaint on or before **August 25, 2025**. If Plaintiff fails to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the case will be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2).

**IT IS SO ORDERED.**

**DATED: July 24, 2025**

*[signature]*

**STACI M. YANDLE**
**United States District Judge**